## W. S. McCallum, Ex'r, *v.* Fethias Woolsey.

1. Variance between declaration and proof. *When not fatal.* Where a party as executor sues another on a contract with himself, in which the word executor was not used, and all the facts of the case, taken together, show the suit might have been brought in either capacity, this techinical discrepancy is not fatal to plaintiff's recovery. In such a case the term executor may be treated as descriptive or disregarded as superflous.

2. Execution Sale. *What title acquired under. Caveat emptor.* A pur-

McCallum *v.* Woolsey.

chaser at execution sale takes such title as the execution debtor possessed, without warranty of title and *caveat emptor* strictly applied.

FROM GREENE.

Appeal from a judgment of the Circuit Court at Greeneville, rendered November 9, 1872. Hon. E. E. GILLENWATERS, presiding.

McKEE for plaintiff.

No brief on file for defendant.

FREEMAN, J., delivered the opinion of the Court.

Plaintiff, as executor of James McCallum, had an execution from a justice of the peace levied on the land of one Sam'l Coulson. The papers were returned to Circuit Court, and order of sale issued, under which the land was sold 4th September, 1865. It appears that in the year 1864 Coulson had died, and no revivor seems to have been had in the case against his heirs.

At the sale plaintiff attended and proposed to buy the land, but defendant intervened and bought it, by agreement with plaintiff, that after paying the costs he would wait perhaps a month for the money. The costs were paid down to the officer making the sale.

Defendant, under this arrangement, bid the debt and costs, and afterwards paid a hundred dollars or more to the plaintiff, but concluding he would get no title, he refused to pay balance, whereupon this suit is brought.

It was heard by the Judge without the intervention of a jury, by agreement of the parties. His Honor gave judgment for the defendant on the ground that the suit was in the name of plaintiff as executor, and that the contract was with him personally.

In this he erred. If necessary the words executor, etc., might well be treated as merely descriptive, or disregarded as surplusage, as t is clear the party suing is entitled to recover, a nd the objection was purely technical and formal. It is not clear, however, that it was not a debt due to him as executor, and certainly was assets of the estate, and as such might well have been sued for in official capacity. In either aspect of the case his Honor, we think, erred in his holding.

It is next insisted, that as defendant gets no title probably, he cannot be compelled to pay—that there is an entire failure of consideration. But we do not think this defense can be successfully maintained. The sale was complete, the sheriff returned the execution satisfied, and we see no way to avoid the effect of the settled and universal rule of *caveat emptor*, under which the purchaser takes all risk of title.

In the language of the Court of Appeals of Virginia, in case of *Saunders* v: *Pate*, 4 Rand., 13, all who attend such sales ought to take care and examine into the title.

There can in the nature of things be no warranty of title in such cases. This rule has been uniformly adhered to in our State. The case may be a hard one, but we can see no relief without abandoning a

rule of law too long established to be overturned, and which probably is the best and only one that could be adopted on the question.

The result is, that the case must be reversed, and on proceeding to give such judgment as the court below should have given, direct a judgment in favor of plaintiff for the debt, with interest and costs.