ROYAL INDEMNITY COMPANY

*v.*

SHIRLEY ANN SCHMID

474 S.W.2d 647.

(*Knoxville,* September Term, 1971.)

Opinion filed December 6, 1971.

Paul E. Parker, O'Neil, Parker & Williamson, Knoxville, for appellant.

Dalton L. Townsend, Knoxville, for appellee.

Mr. Justice McCanless delivered the opinion of the Court.

Shirley Ann Schmid, the widow of William F. Schmid, as her husband's executrix, brought suit in the Chancery Court to recover $4,432.89, with interest, of the Royal

Indemnity Company, the workmen's compensation carrier of the employer of her husband. In her bill the complainant averred that William F. Schmid, in the scope of his employment by Ransom Enterprises, Inc., was killed in an automobile accident; that she had filed suit in Hamilton County against certain third parties for the wrongful death of her husband and obtained a judgment against them in the amount of $78,900.00; and that she had recovered $25,000.00 of the judgment.

The complainant further averred that in compliance with a judgment in the Circuit Court of Knox County, Royal Indemnity Company had paid the complainant and other dependents of William F. Schmid weekly workmen's compensation benefits of $42.00 and that at the time of the pronouncement of the judgment in Hamilton County it had paid a total of $2,688.00. The complainant recited that pursuant to an order of satisfaction of judgment entered in the Circuit Court of Knox County the defendant then discontinued its payments and that because of the defendant's subrogation rights the complainant then paid it $1,689.55, after the deduction of attorneys' fees and pro-rated expenses.

The complainant charged that under the Workmen's Compensation Law the defendant would have been liable to the complainant and the other dependents of William F. Schmid in the amount of $16,000.00 and that because of the judgment against the third parties and its satisfaction in excess of the statutory death benefits under the Workmen's Compensation Law, she had saved the defendant $13,312.00, discounting the $2,688.00 which had been reimbursed, after deducting attorneys' fees and pro-rated expenses.

Royal Indemnity Company at first demurrer to the bill and, upon its demurrer being overruled, answered interposing the defenses of *res adjudicata,* of accord and satisfaction, and that when the complainant filed her bill there had been a recovery of $25,000.00 of which the dependents had received a net amount in excess of $17,000.00 in workmen's compensation benefits and recovery from the responsible third party, such amount being in excess of the applicable workmen's compensation benefits. The company defended the complainant's suit also on the ground that the bill asserted a workmen's compensation claim which could not be prosecuted by the executrix.

The parties stipulated all the facts, which we have heretofore summarized.

The Chancellor filed his opinion in which he sustained the complainant's suit and on the basis of the opinion a decree in favor of the complainant and against the dedefendant for $4,432.89 was entered. The defendant has perfected its appeal to this Court and has assigned the following errors:

"1. It was error to allow the prosecution of this suit by an executrix and to allow a recovery against a Workmen's Compensation Insurance carrier for benefits other than those prescribed by the Act.

"2. The Court erred in failing to sustain the defendant's plea of accord and satisfaction and res judicata.

"3. The rights of the parties are controlled by the Workmen's Compensation Act which provides that the carrier's liability for future payment is to be credited with the net amount recovered from responsible third

party. The Court erred in failing to adjudicate the rights of the parties as provided by T.C.A. 50-914.''

(1) By its first assignment of error the appellant, the Royal Indemnity Company, insists that the Chancellor erred in allowing the executrix to bring and prosecute this suit and to sue a workmen's compensation insurance carrier for benefits other than those prescribed by the Workmen's Compensation Law.

██ This suit grows out of the workmen's compensation claim but is not one that stems from ''the rights and remedies'' granted by the Workmen's Compensation Law. For that reason we are of opinion that the claim on which it is based did not have to be asserted in the workmen's compensation proceeding in the Circuit Court. The complainant describes herself in the caption of the bill as her husband's executrix but in the body of the bill she shows that she asserts her claim for her personal benefit and for the benefit of the other dependents of William F. Schmid. Her suit cannot, in justice, be allowed to fail because of an incorrect designation of the complainant or because of a failure to join other necessary complainants by name. If it were necessary to a proper decision of the suit to do so, we would allow such errors and omissions to be corrected and supplied. Sec. 27-329, T.C.A.; *McCallum v. Woolsey*, 65 Tenn. 308 [1873];*Edgington v. Edgington*, 179 Tenn. 83, 162 S.W.2d 1082 [1941].

We overrule the first assignment of error.

(2) By its second assignment the appellant contends that the court erred in failing to sustain its plea of accord and satisfaction and *res adjudicata*.

■ The insistence of the appellant is that by an order entered in the workmen's compensation suit in the Circuit Court, pursuant to correspondence between the attorneys representing the respective parties, there was an accord and satisfaction of the claim presented in this suit and that the issues of this suit, by that order, were rendered *res adjudicata.* With this insistence we do not agree. The letter of Mrs. Schmid's attorney enclosed a check for $1,689.55 tendered in settlement of the subrogation clause of Royal Indemnity Company and in it the question of the company's further liability was reserved. The order entered in the Circuit Court went no further than to provide for the termination of the workmen's compensation payments. It appears not to have been the purpose of the attorneys, by their correspondence or by the order, to settle the claim of Mrs. Schmid for reimbursement of attorneys' fees incurred on account of the collection of that part of the wrongful death judgment that inured to the benefit of the insurer.

We overrule the second assignment of error.

(3) We now have for consideration the third assignment by which the appellant insists that it should not be subjected to a judgment for attorneys' fees for the collection of the amount of the wrongful death judgment that inured to its benefit and which operated to relieve it of its obligation to make further payments of workmen's compensation benefits.

The question is whether the insurer can properly be required to pay the cost of collecting that part of the judgment of which it became the beneficiary; or more precisely, whether it can be made to reimburse the appellee whose recovery has been reduced by the amount of

the attorneys' fee, or whether it may be credited with so much of the collected judgment as remains after the deduction of the attorneys' fee, even though the credit should equal the entire amount remaining. This is substantially the situation in this case.

The Chancellor in his opinion and the appellee in her brief rely on the opinion of the Court of Appeals in the case of *Martin v. Town of McMinnville*, 51 Tenn.App. 503, 369 S.W.2d 902 [1962]. In that case the workmen's compensation liability was $12,500.00 and paid at the rate of $112.48 each four weeks. The wrongful death recovery was $13,600.00. The court allowed credit on the compensation award of its full amount less an attorney's fee of one-third or $4,166.66, or a net credit of $8,333.34.

But soon after the Court of Appeals had delivered its opinion in *Martin v. Town of McMinnville*, supra—indeed before this Court had denied the insurance carrier's petition for certiorari—our General Assembly had enacted Chapter 333 of the Public Acts of 1963, which includes the following provisions applicable to the case under consideration and which are codified in sec. 50-914, T.C.A.

"When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law, and such injured workman, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of a recovery from such other person by the workman, or

those to whom his right of action survives, by judgment, settlement, or otherwise, the attorney representing such injured workman, or those to whom his right of action survives, and effecting said recovery, shall be entitled to a reasonable fee for his services, and said attorney shall have a first lien therefor against said recovery; . . .

"In event of such recovery against such third person by the workman, or by those to whom his right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workmen's compensation under chapters 9 through 12 of this title has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Provided, further, that in event said net recovery by the workman, or by those to whom his right of action survives, exceeds the amount paid by the employer, and the employer has not, at said time, paid and discharged his full maximum liability for workmen's compensation under chapters 9 through 12 of this title, the employer shall be entitled to a credit on his future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer. Provided further, however, that in event the workman, of those to whom his right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement, or otherwise, without intervention by the employer, the employer shall, nevertheless, be entitled to a credit on his future liability for workmen's compensation, as it accrues under chapters 9 through 12 of this title, to the extent of said net recovery."

■ The provision of the law now—but not a part of the law that governed *Martin v. Town of McMinnville*, supra is that an employer and its insurance carrier are entiteld to credit for "the net recovery" from a third party. Such net recovery may or may not exceed the workmen's compensation liability of the employer and its insurer; but whether it is less or more than the workmen's compensation liability the credit must be allowed for the full amount collected minus the expense of collecting it—including attorneys' fees. Such credit is allowable under the clear meaning of the statute as it was amended in 1963. The employer and its insurer are entitled to it although it may, as in this case, equal and thus terminate the workmen's compensation liability.

We therefore are of opinion and hold that the credit claimed by the appellant is a proper credit under the provisions of the statute and does not constitute an unjust enrichment of the appellant.

We sustain the third assignment of error and dismiss the appellee's original bill.

DYER, CHIEF JUSTICE, CRESON and HUMPHREYS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.