**Luther B. CROSS, Appellant,**

v.

**PAN AM WORLD SERVICES, INC., et al., Appellees.**

Supreme Court of Tennessee, at Nashville.

Dec. 29, 1987.

George E. Barrett, Nashville, Clinton Swafford, Swafford, Peters & O'Neal, Winchester, for appellant.

R.E. Bonner, Jr., McMinnville, for appellees.

OPINION

PER CURIAM.

The issues in this case involve the alleged liability of an employer for payment of costs, including attorney's fees, incurred by a workman in securing a judgment against a third-party tortfeasor, where the judgment has the effect of relieving the employer from liability for payment of worker's compensation benefits.

Luther B. Cross was employed by Pan Am World Services, Inc., as a security guard and was assigned to work at the Arnold Engineering Development Center in Tullahoma, Tennessee. On November 27, 1982, Mr. Cross was at his assigned work station when there was an explosion of a J–4 Test Cell. In the aftermath of the explosion, Mr. Cross received serious and permanent injuries.

Mr. Cross filed an action in the Chancery Court of Coffee County to recover worker's compensation benefits. While the action was pending, Mr. Cross filed a tort action against Aerojet General Corporation and Sverdrup Technology, Inc., charging them with negligence that caused the explosion and resulting injuries to Mr. Cross. Pan Am World Services, Inc., and its insurance carrier, intervened in the tort action asserting Pan Am's right, through subrogation, to recover $4387.96 it had paid to Mr. Cross in worker's compensation benefits. Without notice to Pan Am, Mr. Cross settled the tort action for $105,575.00 and agreed to indemnify the tort defendants against Pan Am's subrogation claim. Mr. Cross' net recovery in the tort action was $67,649.53.

Upon learning of the settlement in the tort action, Pan Am and its insurance carrier amended their answer in the worker's compensation action to set forth the settlement, and to file a counterclaim for a declaration of Pan Am's liability for payment of future worker's compensation benefits, and to recover the $4,387.96 in benefits paid.

An employee, who sustains a compensable injury under circumstances creating a legal liability against a person other than his employer, has the right to take his worker's compensation benefits and to bring an action against the person causing the injury. T.C.A. § 50–6–112(a). On re-

covery of a judgment against a third-party tortfeasor, the attorney representing the injured worker is "entitled to a reasonable fee for his services . . .; provided, however, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion said reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered." T.C.A. § 50–6–112(b).

Section (c) of T.C.A. § 50–6–112, gives the employer a subrogation lien against the recovery in the tort action to the extent of actual payment of benefits, and also provides "that in event said net recovery by the worker [in an action against a third-party tortfeasor] . . . exceeds the amount paid by the employer and the employer has not . . . paid and discharged his full maximum liability for workers' compensation . . ., the employer shall be entitled to a credit on his future liability as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer."

On trial of the worker's compensation action, it was determined that the employer's total liability under the Act, including the $4387.96 in benefits paid, was $40,-800.00. Noting that the net recovery by Mr. Cross exceeded Pan Am's possible liability under the Workers' Compensation Act, the chancellor decreed that Pan Am be given a credit on its future liability for payment of benefits under the Act "to the extent of the net recovery collected by the plaintiff from the third-party tortfeasor," which, in effect, relieved Pan Am from liability for payment of any worker's compensation benefits. Pan Am also was awarded a judgment for $4387.96, the benefits actually paid by Pan Am, but it was subjected to a lien for attorney's fees in the amount of $1579.67 for services rendered by Mr. Cross's attorney in effecting recovery in the tort action. Mr. Cross appealed insisting that the chancellor erred in failing to require Pan Am to pay the cost of collecting that part of the judgment which had the effect of reducing Pan Am's liability under the Workers' Compensation Act. Pan Am appealed insisting that the chan-

cellor erred in impressing its judgment with a lien for attorney's fees.

The issues on appeal were settled in *Royal Indemnity Company v. Schmid*, 225 Tenn. 610, 474 S.W.2d 647, 651 (1971). In that case a deceased employee's executrix sought reimbursement from the employer's insurance carrier of a proportionate share of the attorney's fees incurred by her in securing a judgment in a wrongful death action against a third party tortfeasor. The judgment had operated to relieve the insurer of its liability under the Workers' Compensation Act. The executrix relied on T.C.A. § 50–914, now T.C.A. § 50–6–112. In dismissing the action brought by the executrix, we pointed out that the statute requires that the employer be reimbursed from the "net recovery" obtained by the employee "to the extent of the employer's total obligation under the compensation act." "Net recovery" is defined to be the total amount collected by the employee in the tort action, less reasonable expenses, including attorneys' fees, in collecting it. We also held that the attorneys' fees and expenses were to be deducted as a first lien against the third party recovery fund and not from the employer's share of the recovery. *See also* 2A Larson's Workmen's Compensation Law, § 74.32(a)(2).

This holding was not overruled or modified by our recent decision in *Aetna Casualty & Surety Co. v. Gilreath*, 625 S.W.2d 269 (Tenn.1981), as is argued by Mr. Cross. *Aetna* involved unusual factual circumstances that required the intervention of equitable considerations. Such is not the case here.

The judgment of the trial court will be modified to provide for the payment of $4387.96 to Pan Am World Services, Inc., and its insurer without any deductions for attorneys' fees and expenses. As modified, the judgment of the trial court is affirmed. Costs incident to the appeal are adjudged against Luther B. Cross and his surety.

DROWOTA, J., dissents.