**Roy A. BREEDLOVE,
Plaintiff–Appellee,**

v.

**NIAGARA COLD DRAWN
SOUTH, Defendant,**

v.

**CHATTANOOGA CRANE & RIGGING
COMPANY, Intervenor Appellant.**

Court of Appeals of Tennessee.

March 5, 1991.

Application for Permission to Appeal
Denied by Supreme Court
June 10, 1991.

Paul H. Dietrich, with Dietrich & Dietrich, Cleveland, for intervenor appellant.

Roger E. Jenne, with Jenne, Scott & Sellers, Cleveland, for plaintiff-appellee.

OPINION

SANDERS, Presiding Judge (Eastern Section).

The pivotal issue on this appeal is, where an injured employee who has been paid workers' compensation and subsequently recovers a judgment against a third party, the net proceeds of which exceed the employer's subrogation claim, can a pro rata portion of the cost and attorney's fees be charged against the subrogation claim? The answer is in the negative.

The salient facts are not in dispute. The Plaintiff–Appellee, Roy A. Breedlove, was

injured while in the employ of the Intervenor Appellant, Chattanooga Crane & Rigging Company (Crane) whose workers' compensation carrier paid Breedlove $30,400 in settlement for his injuries. Breedlove then sued Defendant Niagara Cold Drawn South (Niagara), alleging its negligence caused his injuries. Crane filed an intervening petition saying it was entitled to be subrogated to Breedlove's claim in the amount of $30,400. Niagara settled with Breedlove for $54,500 which was paid into the registry of the court.

Prior to suit's being filed, Breedlove had entered into an agreement with his attorney agreeing that his attorney should receive one-third of any recovery by suit or settlement, plus repayment for any expenses. A dispute arose between counsel for Breedlove and counsel for Crane as to whether or not Crane's subrogation claim should bear its pro rata part of the one-third attorney's fees and expenses. The dispute could not be resolved and Breedlove's counsel filed a motion asking the court to impress a lien on Crane's subrogation claim for one-third attorney's fees and a pro rata part of the $2,334.60 expenses.

In holding Crane's subrogation claim must bear a pro rata share of the expenses and attorney's fees, the court said: "The court further finds that the contractual arrangement for attorney fees between Jenne, Scott & Sellers and the plaintiff, Breedlove, was ⅓ of any recovery plus expenses which the court deems to be reasonable in this cause. Based upon the subrogation recovery, enuring to the benefit of the workers' compensation insuror for Chattanooga Crane & Rigging of $30,400.00 the contractual attorney fee would be $10,133.00, plus pro rate expenses. Although it is undisputed that Mr. Jenne did the great majority of the work leading to the third-party recovery, the court grants him attorney fees against the subrogation recovery in the amount of 50% of his contractual attorney fee, or $5,066.50.

"It is further found that the subrogation recovery of Liberty Mutual Insurance Company [Crane's insurer] equals .5682242 of the total settlement of Fifty–Three Thousand, Five Hundred Dollar ($53,500.00) and, therefore, Liberty Mutual Insurance Company should reimburse attorney Roger Jenne the sum on [sic] One Thousand, Three Hundred Twenty–Six dollars and 57/100 Dollars ($1,326.57) for their pro rata share for a total amount to Roger Jenne of Six Thousand Three Hundred, Ninety–Two and 73/100 dollars ($6,392.73) which includes attorney fees and expenses. The Clerk is therefore ordered and directed to disburse from the settlement funds held in the registry of the court the following:

"1. Jenne, Scott & Sellers, P.O. Box 161, Cleveland, Tennessee 37364—$6392.73.

"2. Attorneys Dietrich & Dietrich and Liberty Mutual Insurance Company, P.O. Box 198, Cleveland, TN 37364 $24,007.27.

"3. Jenne, Scott & Sellers and Roy Breedlove—$23,100.00."

Crane has appealed, presenting the following issue for review: "Whether the Appellant's Worker's Compensation lien must be reduced by the Plaintiff's contracted attorney's fees and expenses in obtaining recovery from the tortfeasor, or whether the Appellant is instead entitled to be reimbursed for the full amount of its worker's compensation payment."

The issue before us, as far as the Workers' Compensation Statute is concerned, is governed by T.C.A. § 50–6–112(a), (b) and (c). Section (a) gives the right to an injured employee who has been paid workers' compensation to file suit against third parties for his injuries. Section (b) provides that, in the event of a recovery against the third party, the attorney representing the employee shall be entitled to a reasonable attorney's fee and the fee shall be a first lien on the recovery. It further provides that if the employer also engages counsel to assist in a recovery against the third party, the court shall, upon application, **apportion the reasonable fee** between the attorney for the worker and the attorney for the employer in **proportion to the services rendered.**" Section (c) provides, in the event of recovery against the third party, the employer shall have a *subrogation* lien against such (net) recovery. (Emphasis ours.) It is observed from a review

of these sections of the statute that the first thing to come out of any recovery would be reasonable attorneys' fees. If there is only one attorney representing the worker he would receive the entire fee. If there are two attorneys, one for the employee and one for the employer, and they are unable to agree on a division of fee, then the court may apportion the fee based on the *services rendered* by the respective attorneys. The second thing to come out of the "net" recovery, that is, after attorneys' fees and expenses have been paid, is the employer's subrogation lien. The remainder, if any, would then go to the employee.

The landmark case on the issue before us is *Royal Indemnity Company v. Schmid,* 225 Tenn. 610, 474 S.W.2d 647 (1971). In *Schmid* the widow of a deceased employee covered by workers' compensation sued a third party and recovered a judgment in excess of the $16,000 Royal Indemnity would have been liable for under workers' compensation benefits. She then sued Royal Indemnity for a pro rata share of her attorney's fees on the theory she had saved Royal Indemnity $16,000. In reversing the award of attorney's fees by the trial court, the supreme court said:

> The provision of the law now ... is that an employer and its insurance carrier are entitled to credit for the "net recovery" from a third party. Such net recovery may or may not exceed the workmen's compensation liability of the employer and its insurer; but whether it is less or more than the workmen's compensation liability the credit must be allowed for the full amount collected minus the expense of collecting it—including attorneys' fees. Such credit is allowable under the clear meaning of the statute as it was amended in 1963. The employer and its insurer are entitled to it although it may, as in this case, equal and thus terminate the workmen's compensation liability.

474 S.W.2d at 650, 651.

Our supreme court had occasion to address the issue before us again in the more recent case of *Cross v. Pan Am World Services, Inc.,* 749 S.W.2d 29 (Tenn.1987).

Cross was injured while in the employ of Pan Am. He was paid workers' compensation benefits. Subsequently, he sued certain third parties for his injuries. Pan Am intervened to be subrogated for its workers' compensation. Cross recovered from the third parties but the trial court impressed a lien for attorney's fees on the amount Pan Am was entitled to under its subrogation claim. In reversing the trial court, the majority opinion of the supreme court referred to its holding in *Royal Indemnity Company v. Schmid, supra,* saying it was controlling. It also said:

> The executrix relied on T.C.A. § 50–914, now T.C.A. § 50–6–112. In dismissing the action brought by the executrix, we pointed out that the statute requires that the employer be reimbursed from the "net recovery" obtained by the employee "to the extent of the employer's total obligation under the compensation act." "Net recovery" is defined to be the total amount collected by the employee in the tort action, less reasonable expenses, including attorneys' fees, in collecting it. We also held that the attorneys' fees and expenses were to be deducted as a first lien against the third party recovery fund and not from the employer's share of the recovery. *See also* 2A Larson's Workmen's Compensation Law, § 74.32(a)(2).

749 S.W.2d at 30.

We hold the trial court was in error in requiring Crane to pay $6,392.73 out of its subrogation claim as a pro rata portion of expenses and attorney's fees. The judgment of the trial court will be modified to direct the clerk to disburse $30,400 to Crane instead of $24,007.27. It will also be necessary to adjust the amount of distribution to Breedlove and his counsel. To the extent the court's judgment is not modified, it is affirmed and the case is remanded to the trial court for the entry of a judgment in keeping with this opinion. The cost of this appeal is taxed to the Appellee.

WILLIAM H. INMAN, Special Judge, concurs.

FRANKS, J., concurs in separate opinion.

FRANKS, Judge, concurring.

The majority relies on the Supreme Court cases of *Royal Indemnity Co.*, and *Cross*, which we are bound to follow; however, applying this rule in every case results in inequitable treatment of parties. The statute giving the right of subrogation[1] to the payer of workers' compensation benefits mirrors the equitable doctrine of subrogation which originated as a matter of "pure equity" and in awarding subrogation benefits the rules of equity are to be applied. *See Greenlaw v. Pettit*, 87 Tenn. 467, 11 S.W. 357 (1889).

The Supreme Court, in construing Tenn. Code Ann. § 50-6-112 in *Aetna Cas. & Sur. Co. v. Gilreath*, 625 S.W.2d 269 (1981), said:

> The Legislature has unquestionably implied that if the employer has not engaged other counsel, the employee's attorney shall be entitled to a fee and lien not only on that portion of the recovery belonging to the employee, but also upon the employer's portion of the recovery. 625 S.W.2d, at 274.

Yet, subsequently in *Cross*, the court rejected this construction of the statute and explained the *Gilreath* case by saying it "involved unusual factual circumstances that required the intervention of equitable consideration."

In *Gilreath*, an attorney was sued by the party who paid the workers' compensation benefits and the court held that while the subrogor was entitled to recover from the attorney for not protecting its statutory lien, the attorney nevertheless was entitled to have the fee for his recovering in the third party action set off against the lien recovery. The equities in that case are no greater than the equities present in this case. Our holding is requiring the employee to pay all of the attorney's fees incurred for the third party recovery although the record demonstrates that the attorney's service benefited the payer. In my view, the equitable approach would require any party obtaining a benefit from the legal services of an attorney to pay a fair share of the attorney's fee. This approach is what the Supreme Court said the legislature intended by implication in *Gilreath*.

---

1. Generally, subrogation is not available to a party discharging his own obligations.