**Leonard Frank MILLER and wife, Denise B. Miller, Plaintiffs–Appellees,**

v.

**Steven M. BOSWELL and Phyllis Howard, Defendants.**

Court of Appeals of Tennessee, Eastern Section.

June 18, 1992.

Published Pursuant to Court of Appeals Rule 11.

Roger L. Ridenour, Ridenour & Ridenour, Clinton, for plaintiffs-appellees.

Robert W. Knolton, Joyce, Meredith, Knolton & Flitcroft, Oak Ridge, for defendants.

Janet L. Hogan, Hogan & Hogan, Knoxville, for intervenor-appellant.

OPINION

FRANKS, Judge.

The facts on appeal are not in dispute. Plaintiff Frank Miller was injured in a work-related accident on May 27, 1988, and his employer's workers' compensation carrier, American Casualty Company, paid benefits in the amount of $42,911.00. Miller filed a third-party action against Steven Boswell and Phyllis Howard and the carrier intervened, asserting its subrogation interest. Ultimately, this action was settled for $25,000.00 and the Trial Court awarded American Casualty the $25,000.00, but required it to deduct Miller's attorneys' fees from the recovery.

On appeal, American Casualty argues that Miller's attorney is not entitled to a fee, on authority of *Cross v. Pan American World Services, Inc.*, 749 S.W.2d 29 (Tenn.1987); and *Breedlove v. Niagara Cold Drawn South*, 813 S.W.2d 467 (Tenn. App.1991).

We affirm the judgment of the Trial Court.

In the cases cited, as well as *Royal Indemnity Co. v. Schmid*, 225 Tenn. 610, 474 S.W.2d 647 (1971), relied upon by the Court in *Cross*, the judgments against the third parties were in excess of the amount of benefits paid by the workers' compensation carrier. The Statute controls and provides:

"Tennessee Code Annotated § 50–6–112: **Actions against third persons.**—(a) When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or such injured worker's dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom such injured worker's right of action survives at law, may pur-

sue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person.

(b) In the event of a recovery from such other person by the worker or those to whom such worker's right of action survives by judgment, settlement or otherwise, the attorney representing such injured worker, or those to whom such injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien therefor against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

(c) (1) In event of such recovery against such third person by the worker, or by those to whom such worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien.

(2) In the event the net recovery by the worker, or by those to whom such worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

(3) In the event the worker, or those to whom such worker's right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless, be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery."

As *Cross* notes, Section (c) of the Statute "gives the employer a subrogation lien against a recovery in a tort action to the extent of actual payment of benefits", but the Statute also gives the attorney representing the injured workman in the third-party action "a first lien ... against the recovery." *Royal, Cross,* and *Breedlove,* while recognizing the priority of the first lien for attorneys' fees, held that such fees should be deducted from the third party's portion of the recovery and "not from the employer's share of the recovery." These holdings are not applicable to the facts of this case. Since the total recovery in the third party action is less than the workers' compensation benefits paid, in order to give effect to the statutory mandate of giving the employee's attorney a first lien, on the "recovery" the lien must be applied to this judgment. Accordingly, we affirm the judgment of the Trial Court, awarding the attorney for the injured workman his reasonable attorney's fees against the $25,-000.00 recovered.

The cost of the appeal is assessed to the appellant and the cause remanded.

SANDERS, P.J., and GODDARD, J., concur.