**Peggy Mai WEST, Appellant,**

v.

**C.B. RAGLAND CO., Appellee.**

Supreme Court of Tennessee, at Nashville.

Nov. 16, 1992.

---

James W. Stinnett, Jr., Ashland City, John K. Maddin, Jr., James A. Vick, Nashville, for appellant.

Nathan Harsh, Gallatin, for appellee.

## OPINION

DAUGHTREY, Justice.

The only issue raised by this appeal concerns the amount of attorney's fees awarded to Peggy Mai West's former attorney, Nathan Harsh, who represented her in this contested workers' compensation case.

The case was filed in September 1988, following the April 1988 death of Peggy West's husband, Donald West, from work-related injuries he suffered as an employee of C.B. Ragland Co. While the suit to determine death benefits was pending, C.B. Ragland's insurance carrier, Liberty Mutual Insurance Company, paid for medical and funeral expenses and made several thousand dollars in periodic payments to Peggy West. In May 1989, the trial court awarded additional death benefits totalling almost $75,000 and ordered that they be paid in a lump sum, with 20 percent of the total amount awarded to Harsh as attorney's fees. C.B. Ragland appealed only the commutation portion of the judgment.

We reviewed the award on appeal, and in *West v. C.B. Ragland Co.*, 785 S.W.2d 351 (Tenn.1990), we held that the lump-sum award was not justified beyond the commuted sum of $15,000. *Id.* at 352–353. We ordered that 20 percent of that amount be paid to Harsh "as a credit on the total fee." *Id.* at 353.

Meanwhile, Peggy West had filed a separate action for her husband's wrongful death in federal court, based on a product liability theory against a third-party tortfeasor. Represented by new attorneys, she eventually settled that case for $435,000.

In view of the fact that the net proceeds of the federal court settlement were in excess of its insured's total liability in the workers' compensation case, and in reliance on T.C.A. § 50–6–112(c), Liberty Mutual ceased making periodic payments to Peggy West in June 1991. At that point, the carrier had paid out $67,718, comprised of $42,125 in death benefits, $3,000 in funeral expenses, and over $22,000 in medical expenses. Nathan Harsh had collected $8,425 of his fee, calculated at 20 percent of $42,125.

In August 1991, West filed a motion in the trial court, seeking to reduce Harsh's fee in the workers' compensation case to $3,000, equal to 20 percent of the $15,000 lump sum approved by this Court in our 1990 opinion. She also asked the court to order a refund of the resulting "overpayment" to Harsh in the amount of $5,425. In response to this motion, the trial judge entered an order finding the previous award of $14,947 in attorney's fees to be reasonable, noting that $8,425 of that amount had already been paid, and ordering West to pay the remaining balance of $6,522, presumably from the proceeds of the federal court settlement.

West has now appealed the trial court's award to Harsh of the balance of his fee. She argues, in essence, that the only thing Harsh did for her in the workers' compensation suit was to secure a partial lump-sum award of $15,000 and that his fee ought therefore to be based on that amount alone. The disingenuousness of this argument is apparent on its face.

Alternatively, West argues that Harsh was not entitled to collect a percentage of the total workers' compensation award credited to the employer once the federal court settlement was reached. She bases this argument on this Court's opinions in *Royal Indemnity Co. v. Schmid*, 474 S.W.2d 647 (Tenn.1971), and *Cross v. Pan Am World Services, Inc.*, 749 S.W.2d 29 (Tenn.1987).

We conclude that her reliance on these two opinions is misplaced. In both cases, we held that an injured employee (or a deceased employee's dependent) who successfully pursues a third-party action is not entitled to a "credit" from the employer in the form of payment by the employer of a proportionate share of the costs and attorneys' fees generated by the third-party action, based on the theory that the employer benefitted from the employee's action in pursuing the third-party action. This ruling was predicated on the applicable statute, T.C.A. § 50–6–112(c)(3), which provides that in such circumstances, the employer is entitled to a credit against the "net recovery" in the third-party action. In *Schmid* and *Cross*, we interpreted this language to mean the amount of the award less costs and attorneys' fees, which thus must be borne by the successful plaintiff in the third-party action. *Schmid*, 474 S.W.2d at 651; *Cross*, 749 S.W.2d at 30.

Harsh argues in response that the facts in *Schmid* and *Cross* are readily distinguishable from the situation here. We agree. T.C.A. § 50–6–112 requires West to pay her own attorney's fees in the federal case, and nothing in that statute can be interpreted to relieve West of her obligation to pay the attorney she hired to represent her in the workers' compensation a reasonable fee for his services in that case. West's right to receive death benefits under the workers' compensation statute clearly was not extinguished by her recovery in the third-party action, as it would have been had she died or remarried. T.C.A. § 50–6–210(e)(4) and (8). Moreover, it is not unfair to assume that West must have taken this pre-existing obligation to Harsh into account in settling her claim against the third-party tortfeasor. In any event, whether she did or not, our opinions in *Schmid* and *Cross* make it clear that C.B. Ragland is not liable for the balance of Harsh's fee under T.C.A. § 50–6–112.

On the facts before us, we hold that because Peggy West's obligation to pay Nathan Harsh a 20 percent fee has not been extinguished by law, and because this amount has explicitly been held to be reasonable by the trial court, West is liable to pay Harsh the balance of $6,522 owed him for his services as her attorney in the workers' compensation case.

For this reason, the judgment of the trial court is affirmed. If the parties agree that amount held by the clerk pending appeal is sufficient to cover the amount due, the clerk will turn it over to Nathan Harsh. If the parties do not agree that this amount is sufficient, the case will be remanded to the trial court for further proceedings in conformity with this opinion.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.