Billy Roger SUMMERS and Thelma L. Summers, Plaintiffs–Appellants,

v.

COMMAND SYSTEMS, INC., Defendant,

and

Fireman's Fund Insurance Company, Intervenor–Plaintiff–Appellee.

Supreme Court of Tennessee, at Jackson.

Nov. 29, 1993.

James R. Omer, Terrance E. McNabb, Nashville, for plaintiffs-appellants.

Lewis L. Cobb, Jackson, for intervenor-plaintiff-appellee.

## *OPINION*

REID, Chief Justice.

This case presents for review the liability of the employer (and its workers' compensation insurer) for attorney's fees and costs incurred in obtaining a recovery against a third party tortfeasor.

Billy Roger Summers was injured in the scope and course of his employment with MTD Products, Inc. by a truck owned by Command Systems, Inc. MTD's workers' compensation insurance carrier, Fireman's Fund Insurance Company, paid $35,814.73 in benefits to Summers.

Summers sued Command Systems for personal injuries sustained in the accident. Summers was represented in the tort action against Command Systems by attorney James R. Omer, pursuant to an employment contract which provided that Omer would receive one-third of any amounts recovered

plus litigation expenses paid by Omer. MTD and Fireman's Fund intervened in that suit, asserting a subrogation claim and a lien on any recovery for the amount of workers' compensation benefits paid to Summers. The intervening petition was filed by attorney William L. Guy, who did not actively participate in the preparation and trial of the suit against Command Systems.

Summers obtained a judgment against Command Systems for $175,000, which was paid into court. Summers' counsel asserted a claim for attorney's fees for one-third of the entire recovery. MTD and Fireman's Fund contended that Summers' attorney was not entitled to be paid any fee from the funds recovered in satisfaction of the subrogation claim. The trial court sustained MTD and Fireman's Fund's position, and Summers has appealed.

Resolution of the issue presented in this case depends upon the interpretation of T.C.A. § 50–6–112 (1991). As will be discussed below, the Court has not been altogether consistent in its interpretation of the statute, which provides:

(a) When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or such injured worker's dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom such injured worker's right of action survives at law, may pursue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person.

(b) In the event of a recovery from such other person by the worker, or those to whom such worker's right of action survives, by judgment, settlement or otherwise, the attorney representing such injured worker, or those to whom such injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien therefor against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

(c)(1) In the event of such recovery against such third person by the worker, or by those to whom such worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien.

(2) In the event the net recovery by the worker, or by those to whom such worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

(3) In the event the worker, or those to whom such worker's right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless, be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery.

The meaning of the statute appears to be plain, except for the determination of credit due the employer for benefits paid to or due the employee. The statute provides that any injured worker who receives workers' compensation benefits from the employer may pursue an action for damages against a third party tortfeasor. T.C.A. § 50–6–112(a). Upon the payment of benefits to the employee, the employer has a "subrogation lien" against any recovery from the third party and may intervene in the employee's suit to

protect and enforce the lien. T.C.A. § 50–6–112(c)(1).

The statute also provides that the attorney representing the injured worker "shall be entitled to a reasonable fee for the attorney's services" and "shall have a first lien therefor against the recovery," but if the employer has engaged other counsel to represent its interest in the suit against the third party, the court "shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered." T.C.A. § 50–6–112(b).

The apparent inconsistencies in the Court's prior decisions regarding the division of the balance of the award between the employee and the employer involve the meaning of the terms "net recovery" and "full maximum liability" found in subsections (c)(2) and (3). The trial court based its dismissal of Summers' claim that attorneys' fees and expenses should be charged against the employer's recovery as well as the employee's recovery, on *Royal Indem. Co. v. Schmid*, 225 Tenn. 610, 474 S.W.2d 647 (1971), and *Cross v. Pan Am World Services, Inc.*, 749 S.W.2d 29 (Tenn.1987). In this Court, Fireman's Fund relies upon those cases and undertakes to distinguish *Aetna Casualty & Sur. Co. v. Gilreath*, 625 S.W.2d 269 (Tenn.1981), which is relied upon by Summers.

In *Royal Indem. Co. v. Schmid*, the employer had paid periodic benefits to the deceased employee's widow and dependents prior to their recovery against the third party tortfeasor in an amount which exceeded the sum of past and future workers' compensation benefits. The employer did not participate in the prosecution of the third party suit. Upon receipt of the recovery in the third party action, the employee tendered to the employer's workers' compensation insurance carrier the amount of benefits it had paid, less a pro rata amount of attorney's fees and litigation expenses expended by the employee.

In the suit that followed, the employee asserted a claim for attorney's fees and expenses expended in recovering the credit against the recovery due the insurer for future benefits. On appeal, the Court stated:

The question is whether the insurer can properly be required to pay the cost of collecting that part of the judgment of which it became the beneficiary....

*Royal Indem. Co. v. Schmid*, 474 S.W.2d at 650. The Court concluded:

The provision of the law now ... is that an employer and its insurance carrier are entitled to credit for "the net recovery" from a third party.... [W]hether it is less or more than the workmen's compensation liability the credit must be allowed for the full amount collected minus the expense of collecting it—including attorneys' fees.

*Id.* at 650–51. It appears that in *Royal*, the Court decided that "net recovery" means the full amount of the recovery less attorneys' fees and litigation expenses. Under that construction, the lawyer, who was employed on a contingent fee basis, would collect the agreed percentage of the entire recovery from the employee's portion of the recovery, the employer would be repaid in full, and the employee would receive the balance.

In *Aetna Casualty & Sur. Co. v. Gilreath*, the employee, Ledbetter, sustained a compensable injury under the workers' compensation law for which he was paid $30,875.35 by Aetna, the employer's workers' compensation insurance carrier. A suit was filed on behalf of Ledbetter by Ledbetter's attorney, Gilreath, against three third party tortfeasors, who separately settled with Ledbetter for $60,000, $17,500, and $2,500. Aetna sued Gilreath for disbursing all of the proceeds of the $60,000 settlement to his client.

The Court found that "Gilreath was in complete charge of Ledbetter's third party cause of action which included Aetna's subrogation claim ... [and] was subject to the implied duty imposed upon him by T.C.A. § 50–914 [now T.C.A. § 50–6–112]." The Court observed that Ledbetter, who was not a party to Aetna's suit, was liable, and found that Gilreath was liable for Aetna's subrogation claim. For the purposes of the present suit, the Court's significant finding was that Gilreath was entitled to a fee and lien on the employer's portion of the recovery as well as the employee's portion. The Court found:

The Legislature has unquestionably implied that if the employer *has not engaged* other counsel, the employee's attorney shall be entitled to a fee and lien not only on that portion of the recovery belonging to the employee, but also upon the employer's portion of the recovery.

*Aetna Casualty & Sur. Co. v. Gilreath,* 625 S.W.2d at 274 (emphasis added). And further:

> We may well ask, why would the Legislature authorize the employee's attorney a fee and first lien against all of the proceeds, if there was no obligation to honor the employer's subrogation interest.

*Id.* at 275. The Court stated further:

> [W]e are of the opinion that in the absence of a contract between the employer or insurance carrier and the employee's attorney that it should be required to pay the same fee as called for in the contract between the employee and his or her attorney, if it is within the bounds of reason.

*Id.* at 276. The Court allowed Gilreath a fee according to the terms of the contingent fee agreement between Ledbetter and Gilreath.

In *Gilreath,* the amount of the employer's subrogation claim was held to be the amount of the workers' compensation benefits paid, less a percentage of that amount allowed as attorneys' fees to the employee's attorney. Under the Court's holding in *Gilreath,* the employee's attorney would collect the agreed percentage of the entire recovery, the employer would receive the amount of its subrogation claim less a reasonable fee, and the employee would receive the balance.

In *Cross v. Pan Am World Services, Inc.,* while an action by the employee against the employer Pan Am for workers' compensation benefits was pending, the employee filed a suit for damages against third party tortfeasors. Pan Am intervened in the tort action, asserting a subrogation claim for the workers' compensation benefits paid to the employee. Without consulting with Pan Am, the employee settled the tort action for more than his total workers' compensation benefits. The Court followed *Royal Indem. Co. v. Schmid,* and found that attorneys' fees and expenses are not to be deducted from the employer's share of the recovery. *Cross v. Pan Am World Services, Inc.,* 749 S.W.2d at 30. The Court stated in *Cross,* that *Royal Indem. Co. v. Schmid* was not overruled by *Aetna Casualty & Surety Co. v. Gilreath,* and that *Gilreath* "involved unusual factual circumstances that required the intervention of equitable considerations." *Id.*

In *Gilreath,* the Court quoted with approval 2A Arthur Larsen, *The Law of Workmen's Compensation,* §§ 71.10–71.20 (1976), which sets forth the equitable principles on which the right of subrogation is based, and concluded:

> In addition to the fact that subrogation is an equitable doctrine, T.C.A. § 50–918 expressly provides that the workers' compensation statutes "shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained."

625 S.W.2d at 273.

The application of those principles to the uncertain provisions in the statute relating to the assessment of attorneys' fees and litigation costs produces a result that is consistent with the language of the statute and equity, and provides needed guidance to the bench and bar.

■■■ Since both the employer and the employee have the right to recover against a third party tortfeasor, each has the right to be represented by its own counsel on such terms as the party and its lawyer shall agree. The employer may engage the employee's lawyer to represent its interest also, on such terms as they, with the consent of the employee, shall agree. Even if the employer is not represented by separate counsel, the employee's lawyer is obligated to protect the employer's interest. In that event, the employee's lawyer shall be entitled to reasonable compensation for services rendered to the employee and the employer. The lawyer shall be compensated according to the terms of the employment contract between the lawyer and the employee, provided the trial court shall find that fee agreement to be reasonable. A contingent fee agreement between the employee and his lawyer will apply to the entire recovery, and the attorney's fee

will reduce the employer's portion of the recovery by a pro rata amount. The lawyers who prosecute the tort action are entitled to receive a reasonable fee based on services rendered. Any dispute regarding the amount and apportionment of attorney fees shall be resolved by the trial court.

Prior decisions inconsistent with this decision are overruled.

■ In this case, the employer's lawyer did not actively participate in the prosecution of the tort action; consequently, the employee's attorney's fee shall be charged against the entire recovery and shall reduce the employer's subrogation claim by a pro rata amount. The result is that Summers shall recover from MTD (or Fireman's Fund) an attorney's fee of $11,938.24 (one-third of $35,-814.73), which shall inure to the benefit of Summers' attorney, Omer, to the extent Omer's fee has not been paid in full.

The cause is remanded to the trial court for further proceedings.

Costs are taxed against Fireman's Fund.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.