# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 18, 2010 Session

## JAMES ERWIN v. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

**Appeal from the Law Court for Sullivan County**
**No. C36134        Hon. John S. McLellan, III., Judge**

---

### No. E2009-01288-COA-R3-CV - FILED JUNE 28, 2010

---

Plaintiff recovered a judgment in this medical malpractice action, and during the pendency of the case the workers compensation carrier for plaintiff's employer intervened asserting its subrogation interest in any recovery due to its having paid the medical bills plaintiff incurred as a result of his injuries.  The Trial Court awarded attorney's fees and expenses to plaintiff's attorney and plaintiff has appealed, arguing that the Trial Court failed to make an adequate award.  On appeal, we affirm the Judgment of the Trial Court.

### Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Law Court Affirmed.

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Larry V. Roberts, Kingsport, Tennessee, for the appellant, James Erwin.

Joseph L. Broy, Germantown, Tennessee, for the appellee, Travelers Property Casualty Company of America.

## OPINION

### Background

Plaintiffs filed their Complaint against John Raff, Galen Smith, Appalachian Orthopaedic Associates, P.C., and Wellmont Health System d/b/a Wellmont Holston Valley Medical Center and Wellmont, Inc., alleging that Raff and Smith were orthopedic surgeons who performed a surgical procedure on plaintiff James Erwin's spine and that defendants were negligent and they committed a battery on the plaintiff.

Travelers Property Casualty of America filed a Motion to Intervene, asserting they had an interest in the action because it had paid workers compensation benefits on behalf of plaintiff Erwin. Plaintiffs objected to Travelers' intervention, and at a hearing, the Trial Court allowed Travelers to intervene to recover their subrogation.

A trial by jury was held in this case, and the jury returned a verdict finding defendant Raff to be negligent, and awarded damages to plaintiff in the amount of $75,000.00, and awarded damages of $181,859.00 to Travelers for medical expenses that Travelers had paid for plaintiff.

Defendants paid the total judgment to the court clerk, and plaintiff's counsel asked that plaintiff be allowed to receive his $75,000.00, which the court granted. Plaintiff then filed a Motion to Release Funds from Registry of Court for Attorney Fee and Pro-Rate Share of Litigation Expenses. Plaintiff's attorney sought a 1/3 fee from the judgment awarded to Travelers, and also sought a percentage of the litigation expenses to be paid from Travelers' award. Plaintiff's counsel attached the 1/3 contingency fee agreement that plaintiff signed with him, as well as copies of his time sheets and litigation expenses. In Travelers' Response they asserted it should be given the full amount of its medical expenses paid for the corrective surgery ($141,118.11) and that plaintiff should then receive the remainder of the $181,859.00 jury award to Travelers ($33,741.00) as a reasonable amount of attorneys fees and expenses. Travelers also attached a series of letters that its counsel sent to other attorneys in the litigation concerning a possible settlement of Travelers' claim for $150,000.00.

The Trial Court entered an Order, finding that Travelers had a subrogation interest due to their payment of expenses for plaintiff, and that plaintiff's attorney filed this malpractice action without notice to Travelers. The Court stated that Travelers was thus required to file a Petition to Intervene through its own counsel to protect its subrogation interest, which was granted about seven months later. The Court stated that Travelers' counsel did not actively participate in discovery or in the trial, but was present at the pre-trial hearing and for most

of the trial.

The Court stated that plaintiff's counsel was seeking to recover 1/3 of Travelers' award as an attorney fee ($60,619.00), and was also seeking to recover $38,845.00 in litigation expenses. The Court held that plaintiff's counsel asserted that the pertinent issue was what each counsel did to produce the subrogation recovery, and that plaintiff's attorney introduced an itemization of his time records, showing a total of 835 hours for plaintiff's attorney and 124 hours for his staff. The Court stated that after it asked plaintiff's counsel to revise his records to reflect only his effort made to effect the subrogation recovery, he changed the totals to 829 hours for him and 123 hours for staff, thus apparently contending that he spent all but 5.5 hours of his time working on the subrogation recovery.

The Court noted that Travelers' attorney argued that causation was established by plaintiff's expert witness during pre-trial proceedings, such that there was no question of the medical expenses being necessary, and further that the amount of Travelers' subrogation interest was stipulated to and placed on the jury form, such that he did not have to actively participate in the trial, however, since plaintiff's attorney opposed the intervention and clearly did not have Travelers' interests at heart, Travelers' attorney had to spend 210 hours, for a total billing of $27,192.00, to protect Travelers' subrogation claim. Further, the Court noted that Travelers had a standing settlement offer on the table for $150,000.00 which plaintiff never accepted.

The Court found that plaintiff's counsel's theory of allocating basically all of his time to the subrogation claim was neither rational nor logical, and that the Court, in "presiding over this matter through its duration, multi-day jury trial and in consideration of the record in this cause", found that the bulk of counsel's time was spent in an effort to collect a substantial malpractice recovery for plaintiff. The Court said that at times the interests of plaintiff and Travelers were inconsistent, such that it was proper for Travelers to utilize its own counsel to protect its interests.

The Court found that the time and effort of plaintiff's counsel in providing evidence as to causation and reasonableness of medical expenses was necessary to both Travelers' claim and plaintiff's claim, and that he had taken a "liberal review, line item by line item" of plaintiff's counsel's time records, in an effort to approximate the time spent on efforts related to the subrogation interest, and the Court calculated that plaintiff's counsel spent about 12.8% of his total time on this issue. The Court conceded, however, that this number was somewhat speculative as some of the descriptions did not permit an exact time computation, but that this supported the Court's conclusion that the bulk of counsel's time was actually spent to recover a substantial money judgment for plaintiff.

The court noted that Travelers had offered to take $148,118.00, leaving 19% of its award or $33,741.00 to be awarded to plaintiff's attorney for his fees. The Court found that this was reasonable for plaintiff's counsel's services and a portion of Dr. Kennedy's expenses in effecting the subrogation recovery. The Court stated that it had also considered that Travelers paid its attorney $27,192.00 for his 210 hours of work as reasonable and necessary fees. The Court found that 12.8% of plaintiff's counsel's total time would be about 107 hours of work.

The Court entered an Amended Order, correcting that the stipulated amount of Travelers' subrogation interest which was typed onto the verdict form was $200,172.00. Plaintiff has appealed the Trial Court's decision and raises these issues on appeal:

1.      Whether the Trial Court abused its discretion by determining the amount of attorney's fee and litigation expenses for the recovery of Travelers' subrogation interest to be the difference between the amount awarded to Travelers by the jury and the amount of Travelers' settlement offer not responded to by the defendants?

2.      Whether the evidence preponderates against the Trial Court's finding that plaintiff's attorney is entitled to only $33,741.68 for attorney's fee and reimbursement of litigation expenses, for the recovery of Travelers' subrogation interest?

In this case, the Trial Court awarded a fee plus litigation expenses to plaintiff's attorney for his work in recovering an award for Travelers' subrogation interest, in accordance with Tenn. Code Ann. §50-6-112(b), which states:

> In the event of a recovery from the other person by the worker, or those to whom the worker's right of action survives, by judgment, settlement, or otherwise, the attorney representing the injured worker, or those to whom the injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien for the fees against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against the other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer.

In a case interpreting this statutory provision, the Supreme Court has stated:

> Since both the employer and the employee have the right to recover against a third

party tort-feasor, each has the right to be represented by its own counsel on such terms as the party and its lawyer shall agree. The employer may engage the employee's lawyer to represent its interest also, on such terms as they, with the consent of the employee, shall agree. Even if the employer is not represented by separate counsel, the employee's lawyer is obligated to protect the employer's interest. In that event, the employee's lawyer shall be entitled to reasonable compensation for services rendered to the employee and the employer. The lawyer shall be compensated according to the terms of the employment contract between the lawyer and the employee, provided the trial court shall find that fee agreement to be reasonable. A contingent fee agreement between the employee and his lawyer shall apply to the entire recovery, and the attorney's fee will reduce the employer's portion of the recovery by a pro rata amount. The lawyers who prosecute the tort action are entitled to receive a reasonable fee based on services rendered. Any dispute regarding the amount and apportionment of attorney fees shall be resolved by the trial court.

*Summers v. Command Systems, Inc.*, 867 S.W.2d 312 (Tenn. 1993).

This Court has further analyzed this issue in the case of *Fuller v. Rhoten*, 1995 WL 214292 (Tenn. Ct. App. Apr. 12, 1995), wherein it stated:

Attorneys have the right to contract with their clients for a reasonable fee. . . . The Code of Professional Responsibility specifically permits attorneys to enter into reasonable contingent fee agreements with their clients.

An attorney's right to contract for a fee is not totally unconstrained. Attorneys are officers of the court, and thus the courts may review their fees to determine whether they are reasonable. Reasonableness depends on the facts of each case, not merely on the custom in a particular area.

Determining whether a fee is reasonable requires consideration of the interests of both the client and the attorney, and all of the relevant circumstances, including those stated in the disciplinary rules. . . . A trial court's decision concerning the reasonableness of a fee depends upon the court's knowledge of the real value of the services performed. . . . Similarly, the appellate courts are not bound by the determinations of the trial courts, but they will customarily decline to second-guess a trial court's decision unless the decision has caused some injustice.

Attorneys are ordinarily not entitled to collect a fee from someone who has not employed them. They may, however, be entitled to a fee for handling a subrogation claim if the insurer would be unjustly enriched by accepting the benefit of the

attorney's work without paying for it.

> The amount of the fee for handling a subrogation claim must be reasonable and is not necessarily controlled by the attorney's agreement with his or her client. . . . If the employer or its workers' compensation carrier does not take issue with the fee arrangement between the employee and his or her attorney, the trial court may, upon deciding that the fee is reasonable, deduct a prorated portion of the attorney's fee from the employer's share of the employee's recovery. If the employer or its workers' compensation carrier disagrees with the fee, they should request a hearing on the reasonableness of the fee.

*Fuller*, at 292-3 (citations omitted).

In these cases, the trial court's findings are reviewed *de novo* on the record, accompanied by a presumption of correctness, and we must honor those findings unless the evidence preponderates to the contrary. *Sircy v. Wilson*, 2008 WL 4830806 (Tenn. Ct. App. Nov. 5, 2008). In *Sircy*, this Court made clear that "the role of the Court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the fee - not in pursuing every aspect of the case. The Court's inquiry is essentially limited to determining who did what to produce the fee." *Id.*

In this case, Roberts had a 1/3 contingency fee agreement with his client, and he thus sought to recover 1/3 of the award given to Travelers for its subrogation interest, claiming that almost all of his time was spent in pursuing the subrogation recovery. The Trial Court found, however, that contrary to his claims, most of Roberts' time was spent in pursuing a malpractice award for his client, and that the interests of plaintiff and Travelers were, at times, inconsistent, thereby necessitating that Travelers hire its own counsel to protect its subrogation interest.

The Court also found that plaintiff's counsel's theory of allocating basically all of his time to the subrogation claim was neither rational nor logical, and that the Court, in "presiding over this matter through its duration, multi-day jury trial and in consideration of the record in this cause", found that the bulk of counsel's time was spent in an effort to collect a substantial malpractice recovery for plaintiff. The Court found that the time and effort of plaintiff's counsel in providing evidence as to causation and reasonableness of medical expenses was necessary to both Travelers' claim and plaintiff's claim, and stated that it had taken a "liberal review, line item by line item" of plaintiff's counsel's time records, in an effort to approximate the time spent on efforts related to the subrogation interest, and then allocated the percentage of time spent on the issues.

The Court applied the proper legal standard in determining Roberts' fee, and noted that the legal authorities stated that the Court was to apportion the attorney's fee between the attorneys in proportion to the services rendered. The Court clearly found that while Roberts had spent a small percentage of his time in effecting a subrogation recovery for Travelers, his unwillingness at times to protect and promote that interest meant that Travelers had to incur substantial fees in employing its own counsel throughout the trial, and further Roberts' efforts did not ultimately seem to affect the amount of Travelers' recovery, as the amount of their medical expenses paid for plaintiff was stipulated to on the jury form, and the jury apparently made its award to Travelers largely in accordance with the stipulation.

We hold that the evidence does not preponderate against the Trial Court's ruling that a 1/3 contingency fee to Roberts in this case from Travelers' subrogation recovery would be unreasonable.

The Court noted that Travelers had offered to take $148,118.00, leaving 19% of its award or $33,741 to be awarded to plaintiff's attorney for his fees. The Court found that this was reasonable for plaintiff's counsel's services and a portion of Dr. Kennedy's expenses in effecting the subrogation recovery. The Court stated that it had considered that Travelers paid its attorney $27,192.00 for his 210 hours of work as reasonable and necessary fees.

We conclude that the fee and expense award in total is reasonable, based on the evidence, and the evidence does not preponderate against the award. This is especially true under the familiar rule that the Trial Judge presiding over the trial is in a unique position to evaluate the attorneys' services during the trial of the case.

Plaintiff argues that the award was insufficient, stating that this Court's decision in *Fuller*, requires that expenses be allocated in a mathematical percentage based on each party's recovery. While this approach was taken in *Fuller*, based upon its facts, what the *Fuller* opinion actually stated is that fees and expenses should be assessed *pro rata*, and the employer's assessment of costs was actually limited in that case to no more than its total percentage of recovery, i.e. the assessment of costs to the employer was decreased based on the mathematical percentage. *Id*.

In this case, the Trial Court considered all of the relevant facts and was in the best position to determine the efforts of the parties and their attorneys in effecting a recovery, as well as whether the expenses were reasonable and inured to the benefit of both. The Court considered each individual item of time and expenses and then made its reasonable award for both based on its knowledge of the complexity of the case, the issues involved, the time spent, and the necessity of the expenses. Thus, the trial court's decision was supported by the evidence, although it was not stated as a mathematically precise percentage. The Trial Court's opinion was thorough and well-reasoned, and the evidence does not preponderate

against the Trial Court's findings.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the appellant, James Erwin.


_____
HERSCHEL PICKENS FRANKS, P.J.