IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 8, 2008 Session

## ANTHONY SIRCY AND ANESTHESIOLOGISTS PROFESSIONAL ASSURANCE COMPANY v. JERRY WILSON

Appeal from the Circuit Court  for Wilson County
No. 13965     Clara Byrd, Judge

No. M2007-01589-COA-R3-CV - Filed November 5, 2008

Workers compensation carrier, intervening Plaintiff in a suit to recover for personal injuries sustained by employee of its insured, appeals the Trial Court's action in awarding one-third of the proceeds of settlement of damage suit to counsel for the injured employee as attorney fees.  Finding no error in the action of the trial court, we affirm.

**Tenn R. App. R. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Michael Gigandet, Pleasant View, Tennessee, for the appellant, Anesthesiologists' Professional Assurance Company.

Hugh Green and John Meadows, Lebanon, Tennessee, for the appellee, Anthony Sircy.

## OPINION

### I.  Procedural History

Anthony Sircy was involved in an automobile accident on August 16, 2004.  At the time of the accident, Mr. Sircy was employed by Creative Alarms, Inc., ("Creative Alarms") which owned the vehicle which he was driving.  He subsequently filed a worker's compensation action which resulted in a court-approved settlement on July 13, 2006, of approximately $41,000, including temporary total and permanent partial benefits, as well as medical expenses and discretionary costs. On August 15, 2005, Mr. Sircy filed suit against Jerry Wilson, driver of the other vehicle, to recover for personal injuries sustained in the accident, alleging that his injuries were caused by the negligence of Mr. Wilson.  Jerry Wilson filed an answer in the case, as did State Farm Mutual

Automobile Insurance Company ("State Farm"), uninsured motorist coverage carrier for Mr. Sircy.[1] Answer was also filed by Haulers Insurance Company, Inc., ("Haulers"), which had been included in the suit in accordance with Tenn. Code Ann. § 56-7-1206(a) as the uninsured/underinsured motorist carrier for Creative Alarms. Anesthesiologists' Professional Assurance Corporation ("APAC") filed an intervening complaint in accordance with Tenn. Code Ann. § 50-6-112(c)(1) on February 14, 2006, and claimed a subrogation lien on any recovery of Mr. Sircy to recover workers' compensation benefits paid to him or on his behalf.

Haulers thereafter moved the court for leave to deposit the sum of $25,000 into the Court. In support of its motion, Haulers stated the following:

> The unnamed Defendant [Haulers] would state that pursuant to T.C.A. § 56-7-1206, et. seq., the named Defendant herein, Jerry Wilson, tendered his policy limits to the Plaintiff herein. In response thereto and pursuant to said statute, the Plaintiff herein agreed to accept the tender of policy limits and agreed to arbitration of this matter. Pursuant to T.C.A. § 56-7-1206(k), [Haulers], the uninsured/underinsured motorist carrier to the Plaintiff herein, elected to decline binding arbitration and preserve its subrogation rights against the named Defendant. Pursuant to notice to all parties herein, [Haulers] made such election on or about October 23, 2006. . . . Pursuant to said statute, [Haulers] is required to pay the balance of the policy limits tendered by the Defendant . . . to the Plaintiff. . . .

The motion was granted, with the court reserving the issue "whether the UM/UIM carrier followed T.C.A. § 56-7-1206" for later resolution.

Mr. Wilson thereafter filed a motion requesting the court enforce Tenn. Code Ann. § 56-7-1206(k); allow him to tender his policy limits of $25,000 to Mr. Sircy "for a complete release of all claims including a release of any potential subrogation claim;" and order the parties to participate in binding arbitration as to the remaining underinsured motorist issue. By order of January 29, 2007, the court granted the motion and ordered Mr. Wilson to pay his policy limits to Mr. Sircy, after which Mr. Wilson would be dismissed with prejudice. The court also ordered Mr. Sircy, APAC and Haulers to proceed to arbitration. By amended order the court ordered the $25,000 previously tendered by Haulers returned. Haulers unsuccessfully sought an interlocutory appeal of the January 29, 2007, order.

Thereafter, Mr. Sircy moved to have a one-third (1/3) counsel fee allocated from the settlement proceeds, asserting that a dispute had arisen with APAC "as to the amount of the attorney fee due to Plaintiff's attorneys from the settlement." Following a hearing the court entered an order

---

[1] State Farm was subsequently dismissed from the suit by Agreed Order noting that "the insurance available to Plaintiff through his employer's insurance company is the proper underinsured/uninsured motorist carrier involved in this cause. . . ."

on June 19, 2007, granting the motion; the court made its order final in accordance with Rule 54.02, Tenn. R. Civ. P., and this appeal ensued.

## II. Discussion

The dispute between the parties centers on the court's application of Tenn. Code Ann. § 50-6-112(b).[2] APAC employed separate counsel to protect its subrogation interest in the suit against Mr. Wilson, which was being prosecuted by Mr. Sircy's counsel. In accordance with the statute, the trial court was obligated to apportion a "reasonable fee" between Mr. Sircy's counsel and APAC's counsel "in proportion to the services rendered." APAC contends that the trial court improperly apportioned the fee and considered "inappropriate" matters in its determination, specifically, the ongoing arbitration dispute with Haulers, counsel for Mr. Sircy's intention to share a portion of the fees with Mr. Sircy, and the fact that APAC's counsel was paid on an hourly basis.

The interpretation of Tenn. Code Ann. § 50-6-112(b) was before the court in *Summers v. Command Systems, Inc.*, 867 S.W.2d 312 (Tenn. 1993), wherein the court held that counsel who prosecuted the tort action was entitled to a reasonable fee based on services rendered; that the employer's (subrogated) amount of recovery is reduced by the counsel fee; and that any dispute is to be resolved by the trial court. The application of the statute, particularly the apportionment of attorneys fees and costs, was before the court in *Rushing v. Crockett,* 2005 WL 415177 (Tenn. Ct. App. Feb. 18, 2005), a case substantially similar to the instant appeal. In *Rushing,* the injured employee had recovered approximately $23,000 in workers compensation benefits; his counsel was awarded 20% as his fee. A related tort action was settled for $100,000; the subrogated interest was approximately $43,000. The trial court held that employee's counsel was entitled to a fee for services performed in effecting the recovery of the subrogated interest and that the contingent fee arrangement between employee's counsel and employee, resulting in a total fee of $14,495, was appropriate. The court apportioned employee's counsel's fee at 90% of the total fee but deducted what counsel had received as his fee in the workers compensation action from the amount due. This court reversed the trial court's action in deducting the fee received in the workers compensation action. Of particular import to the instant appeal was this court's implicit approval of the trial court's rationale in setting employee's counsel's percentage at 90%. In that regard, the trial court in *Rushing* recited the following in support of its apportionment:

---

[2] Tenn. Code Ann. § 50-6-112(b) provides:

In the event of a recovery from such other person by the worker, or those to whom such worker's right of action survives, by judgment, settlement or otherwise, the attorney representing such injured worker, or those to whom such injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien therefor against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against such other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

[Employee's counsel] took all the plaintiff's proof . . . While these depositions were taken for purposes of the workers compensation lawsuit, they were also taken so that they could be read to the jury during the trial of the tort claim. Although [employer's counsel] did not participate in the taking of the depositions, associates from his firm did participate but in an adverse capacity. [Employee's counsel] interviewed and prepared ten of the twelve witnesses listed for trial. [Employer's counsel] did not submit or assist in any discovery of Mr. Crockett [defendant in the tort action] and did not participate in the deposition of Mr. Crockett. In reality, until the worker's compensation case was concluded, none of [employer's counsel]'s work assisted the plaintiff at all and certain[ly] did not "effect" plaintiff's recovery.

2005 WL 415177 at *1.

The trial court in this case made the following findings in support of its order:

1. Plaintiff's counsel exerted considerable time and efforts to procure the $25,000.00 partial settlement from the Defendant as evidenced by the numerous motions, activities, discovery, preparation, medical proof, and testimony of Plaintiff.

2. One-third (1/3) of the $25,000.00 settlement, or $8,333.33, is the disputed portion at issue, the parties having stipulated that there was no existing unpaid costs by either the Plaintiff or Intervening Plaintiff and that two-thirds of the $25,000.00, less costs, had already been tendered to the Intervening Plaintiff in partial satisfaction of the workers compensation carrier's lien subject to this Court's ruling on the instant Motion to Allocate Attorney Fees;

3. The Court also finds that the Intervening Plaintiff's attorney is not seeking attorney fees, having admitted that he is paid hourly irrespective of the outcome of the instant motion, but rather is solely seeking the $8,333.33 to remit same to the insurance carrier, Anesthesiologists' Professional Assurance Company, as part of their subrogation interest;

4. Plaintiff's counsel shall receive the $8,333.33 at issue because of the extensive efforts by the Law Offices of Hugh Green to obtain the $25,000.00 settlement, and, therefore, the Intervening Plaintiff's subrogation interest of the $25,000 shall only consist of the previously-tendered $15,406.67, which has already been provided to the Intervening Plaintiff. . . .

We review the trial court's findings of fact *de novo* on the record, accompanied by a presumption of correctness, and we must honor those findings unless there is evidence that preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. V. Huddleston,* 854 S.W.2d 87 (Tenn. 1993). The trial court's conclusions of law are accorded no such presumption.

*Campbell v. Florida Steel Corp.* 919 S.W.2d 26 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857 (Tenn. 1993).

We have reviewed the record of the hearing on the motion to allocate the counsel fee and find that the evidence does not preponderate against the findings of the trial court. Mr. Sircy and his counsel detailed the services performed in producing the settlement with Mr. Wilson, including filing suit and attending to the litigation, conducting consultations with witnesses and the taking of party and medical depositions. There is no doubt that the efforts of Mr. Sircy's counsel produced the settlement. Many of the statements of APAC's counsel at the hearing confirm the argument made by Mr. Sircy's counsel that APAC's counsel did little to produce or contribute to the settlement. As was the finding in *Rushing,* APAC's counsel did not "effect" Mr. Sircy's recovery, from which APAC's claim was paid.

APAC argues that, since its subrogation rights did not extend to the potential recovery from Haulers,[3] the trial court erroneously considered Mr. Sircy's counsel's efforts in that aspect of the case in apportioning the fee. This contention is without merit. The role of the court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the fee - not in pursuing every aspect of the case. The court's inquiry is essentially limited to determining who did what to produce the fee. The trial court determined that the services rendered by Mr. Sircy's counsel produced the funds from which $15,406.67 of APAC's subrogation was paid; in contrast, the services rendered by APAC's counsel did not. The fact that Mr. Sircy might have additional recovery from Haulers to which APAC's subrogation would not attach is irrelevant.

For the same reason, the fact that Mr. Sircy's counsel informed the court that he intended to share some of the recovery with Mr. Sircy is irrelevant.[4] Again, the role of the court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the funds generating the fee; consideration of the ultimate disposition of the fee is not a responsibility of the court in applying the statute.

APAC next contends that the court was "persuaded by the fact that APAC was compensating its counsel by the hour as further justification for not apportioning the disputed sum." The court found, as a fact, that APAC's counsel was not seeking to be compensated from the proceeds of settlement but, rather, was pursuing the apportionment in order to increase the amount APAC would

---

[3] *See Hudson v. Hudson Municipal Contractors, Inc.*, 898 S.W.2d 187 (Tenn. 1995) holding that "the proceeds of an uninsured motorist clause are the fruits of a contractual obligation between the insurer and the insured employee, whereas the liability of a third party covered by the subrogation section of the compensation act is a tort liability." 898 S.W.2d at 190.

[4] The trial court made no finding in this regard; however, APAC has raised this as an "inappropriate consideration" of the court. We address this contention only inasmuch as it relates to the trial court's performance of its duty to apportion under the statute.

receive in satisfaction of its subrogation claim, a finding that is supported by the proof.[5] The law is clear that the payment of the attorney fee reduces the employer's portion of the recovery. *Summers, supra.* The amount at issue, $8,333.33, was the attorney fee generated by the settlement and not available for satisfaction of APAC's subrogation interest. As APAC was not seeking to have its counsel fee apportioned from the $8,333.33, it was not error for the trial court to apportion 100% of the fee to Mr. Sircy's counsel.

## III. Attorneys Fees For The Appeal

Mr. Sircy asks this Court to award attorney's fees based upon what he contends to be a frivolous appeal. We do not find the appeal to be frivolous and, consequently, deny the request.

The remedy for a frivolous appeal is provided in Tenn. Code Ann. § 27-1-122, which states:

[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgement and expenses incurred by the appellee as a result of the appeal.

This statute "must be interpreted and applied strictly so as not to discourage legitimate appeals..." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583 at 586 (Tenn. 1997). While the issues presented in this appeal have vigorously litigated, APAC was seeking a different interpretation and application of Tenn. Code Ann. § 50-6-112(b). Simply because this court agrees with the lower court's decision does not make the appeal frivolous.

## IV. Conclusion

For the reasons set forth above, the decision of the Circuit Court is AFFIRMED and the case remanded for further proceedings in accordance with this opinion. Costs are assessed against the APAC, for which execution may issue if necessary.

_____
RICHARD H. DINKINS,  JUDGE

---

[5] APAC's counsel sent Mr. Sircy's counsel a letter relative to the disposition of the proceeds of settlement, wherein he stated: "it [is] our position that the entire amount less agreed upon expenses is our subrogation amount. I am compensated by the hour. This is not an issue of dividing attorneys fees for us." In addition, APAC's response to the motion to allocate the fee was that the motion "was actually an effort by counsel for the individual plaintiff to receive a portion of the intervening plaintiff's statutory lien for the funds it paid to the plaintiff in settlement of his worker compensation suit."